UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

THERESA F. MILLER )
 )
v. ) NO. 2:05-CV-20
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Theresa F. Miller has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Miller was born in 1954 and was 49 years old at the time of her administrative hearing. [Tr. 32]. She received her Graduate Equivalency Development [GED] diploma and has relevant past work experience as a licensed practical nurse. [Tr. 17, 32]. Ms. Miller alleges she is disabled as of January 1, 1999, from back pain and an acute myocardial infarction. [Tr. 17]. She last met the special earnings requirements of the Social Security Act [Act] in March 31, 2000; therefore,

Ms. Miller had to establish she was under a disability that began on or prior to that date. However, based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Miller was not disabled as defined by the Act. [Tr. 17].

At Ms. Miller's administrative hearing held on February 13, 2003, the testimony of Ms. Miller and vocational expert William Ellis was received into evidence. [Tr. 32-43]. Ms. Miller testified she last worked in January 1999 as a licensed practical nurse. [Tr. 33]. She stopped working because of constant pain in her lower back and left leg. [Tr. 34]. Ms. Miller is able to attend church, sing in the church choir, and occasionally drive. [Tr. 37].

Vocational expert William Ellis testified next that Ms. Miller's past relevant work as a licensed practical nurse was medium and semi-skilled. [Tr. 40]. The ALJ then asked him to assume a woman of Ms. Miller's age, education, and work background who was restricted to light work activity (the lifting of 20 pounds occasionally and 10 pounds frequently) and a job with frequent postural changes. [*Id.*]. According to the vocational expert, such a person could work as an office clerk, reservation clerk, and ticket taker. [Tr. 41]. If such a person instead was restricted to sedentary work (the lifting of ten pounds frequently) with frequent postural changes, she could still work as an order clerk, information clerk, and a dispatcher.

2

[*Id.*].

The ALJ ruled that Ms. Miller was not disabled because her severe muscloskeletal impairment (right sacroiliac joint dysfunction and degenerative disc disease of the lumbar spine) was not severe enough. [Tr. 17]. The ALJ then found Ms. Miller retained the residual functional capacity [RFC] to perform light work which allows for frequent postural changes. [Tr. 18]. With those limitations, Ms. Miller could perform work as an office clerk, reservation clerk, and ticket taker. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Miller requests summary judgment and challenges the ALJ's assessment of her pain. The ALJ found that the record did not demonstrate that Ms. Miller has

3

"a medically determinable impairment or combination of impairments which would be expected to result in severe or disabling pain." [Tr. 18]. The ALJ noted that Ms. Miller does not have a strong prescription for pain relief. [Tr. 18]. In addition, he noted there was no evidence in the record of a severe cardiovascular impairment prior to March 31, 2000. [*Id.*]. This court notes that prior to March 31, 2000, the entire record is scarce with medical evidence of impairments. In September 1996, an MRI of Ms. Miller's lumbar spine indicated disc desiccation at T11-12, L3-4, L4-5, and L5-S1. [Tr. 117]. The doctor did not see any disc space narrowing, fracture, or sublaxation. [Tr. 118]. In November 1996, Ms. Miller reported some improvement, although her pain had returned by December 1996. [Tr. 126, 127]. The record is then silent until June 2000. In June 2002, Karl Konrad, Ph.D., M.D., examined Ms. Miller and found she could occasionally lift/carry 25 pounds, frequently lift/carry 15 pounds, and sit/stand/walk for six hours out of an eight-hour workday. [Tr. 185].

Because the record before the ALJ did not support Ms. Miller's allegations of impairments that would cause severe and disabling pain, the ALJ's finding was supported by substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Miller's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

4

An appropriate order will follow.

ENTER:

                                              s/Thomas Gray Hull
                                              THOMAS GRAY HULL
                                                 SENIOR U. S. DISTRICT JUDGE

5

Case 2:05-cv-00020   Document 12   Filed 01/23/06   Page 5 of 5   PageID #: 5